# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

ELEANOR BELLE STEPHENS, )
                Plaintiff, )
 )
v. ) No. 07-5118-CV-SW-FJG
 )
MELANIE TINAMARIE STEPHENS, )
                Defendant. )

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss (Doc. No. 2) Plaintiff's Complaint. The Court will consider defendant's motion below.

**I.    BACKGROUND**

Plaintiff, Eleanor Stephens, 87, is the natural mother of defendant, Melanie Stephens. Plaintiff brought a three-count Complaint (Doc. No. 1) against Melanie. Defendant seeks to dismiss plaintiff's Complaint. It is unclear from the face of the Complaint exactly which claims plaintiff is bringing against defendant. However, in plaintiff's response to defendant's motion to dismiss, plaintiff stated that Count I sets out a claim for intentional abuse of process. Count II states a claim for tortious interference with business expectancy and Count III sets out a claim for intentional infliction of emotional distress.

Plaintiff alleges that defendant, who lives in California, became jealous and envious of plaintiff's relationship with her son, Kenneth Stephens. Plaintiff alleges that because of defendant's jealousy, defendant allegedly committed the following acts:

    1.    Defendant called the Missouri Department of Health and Senior Services and alleged that plaintiff was the victim of elder abuse.
    2.    Defendant called plaintiff and left her a threatening voicemail.
    3.    Defendant called the Barry County Sheriff's Office and made

> allegations about plaintiff's well-being, her lack of mental faculties, and her inability to take care of herself, which plaintiff claims are false allegations.
> 4. Defendant made additional hotline calls to the Missouri Department of Health and Senior Services concerning plaintiff's ability to take care of herself and mental status.
> 5. Defendant made a complaint in June 2007 that plaintiff was committing animal abuse by not feeding her dogs.
> 6. Defendant filed on July 25, 2007, a petition for appointment of a Guardian of the Person and Conservator of the Estate of plaintiff, a contemporaneous Motion to Freeze Assets of Eleanor, and a Motion for Mental and Physical Examination.
> 7. Defendant caused the probate court of Barry County, Missouri to enter its Order Appointing Guardian and Conservator Ad Litem on July 26, 2007.

Count I of Plaintiff's Complaint states that the purpose of these above actions was so defendant could interfere with plaintiff's relationship with her son, to force plaintiff to move to California, to gain control of plaintiff's assets, to circumvent plaintiff's rights under Health Insurance Portability and Accountability Act ("HIPAA"), and to cause plaintiff emotional trauma. Plaintiff requests $100,000.00 in compensatory damages and $500,000.00 for punitive damages.

Count II of Plaintiff's Complaint alleges that defendant interfered with her business expectancy in the sale of oil and gas leases to her property in Oklahoma. Plaintiff had agreed to sell the oil and gas leases to her property located in Oklahoma to a company for $40,000.00. Defendant allegedly requested that the Oklahoma probate court have the sale proceeds paid to the probate court pending the disposition of the Missouri guardianship proceedings. The Oklahoma probate court granted defendant's request. Thus, plaintiff alleges that defendant tortiously interfered with her right to the proceeds from the sale. Plaintiff requests $100,000.00 in compensatory damages and $100,000.00 in punitive

2

damages.

As to Count III, plaintiff makes the same allegations as Count I, but sets out a claim for intentional infliction of emotional distress. Plaintiff claims she has suffered severe emotional distress, loss of sleep, an increase in blood pressure, and a fear of going out in public for fear that plaintiff will be taken away to a nursing home. Plaintiff requests $100,000.00 in compensatory damages and $500,000.00 in punitive damages.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 provides: "[a] pleading that states a claim for relief must contain: a short plain statement of the claim showing that the pleader is entitled to relief..." Rule 8 further provides that "[p]leadings must be construed so as to do justice." In construing a pleading, the court must consider whether the pleading provides notice of the claims being asserted against the defendant. See Shelter Mutual Ins. Co. v. Public Water Supply, 747 F. 2d 1195, 1197 (8th Cir. 1984).

The Supreme Court recently issued a new standard to apply when considering motions to dismiss. In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . .on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (internal citations and quotations omitted). The Court went on to note that,

3

"of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, the complaint must be dismissed." Id. at 1974.

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. Twombly, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H & R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

**III.    DISCUSSION**

Defendant seeks to dismiss Plaintiff's Complaint for the following reasons: (1) plaintiff's Complaint fails to meet the notice pleading requirements under Federal Rule of Civil Procedure 8; (2) Count I fails to state a claim upon which relief can be granted; (3) Count II fails to set out the essential elements of a tortious interference claim; and (4) Count III fails because the allegations are not severe enough to maintain a claim for intentional infliction of emotional distress.

First, defendant argues that plaintiff's Complaint should be dismissed in its entirety

4

under Rule 8 for failure to meet notice pleading requirements. In the alternative, defendant asks for a more definite statement as to what plaintiff is claiming. In response, plaintiff argues that under the new rule set out by the Supreme Court in Twombly, plaintiff only needs to state factual allegations sufficient to raise a right to relief about the speculative level.

Second, defendant argues Count I should be dismissed for failure to state a claim upon which relief can be granted. Defendant argues that plaintiff's legal theory is unclear. However, plaintiff responded that Count I sets out a claim for intentional tort of abuse of process. Plaintiff states that under Missouri law, plaintiff must prove (1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an illegal purpose in exercising such illegal, improper, perverted use of process; and (3) damages resulted. See Romeo v. Jones, 144 S.W.3d 324, 330 (Mo. App. 2004); Central Missouri Elec. Co-op v. Balke, 119 S.W.3d 627, 638 (Mo. App. 2003). In her reply, defendant conceded that it appears that Count I sets out a claim for intentional abuse of process. Since defendant abandoned her argument to dismiss Count I in her reply to plaintiff's opposition, the Court will deny this argument as moot. The Court does agree, however, that plaintiff sufficiently sets out a claim for intentional abuse of process.

Third, defendant argues that Count II should be dismissed because plaintiff does not set out the elements for tortious interference with a business expectancy. Under Missouri law, plaintiff must prove: (1) a valid business expectancy; (2) defendant's knowledge of the relationship; (3) breach induced or caused by defendant's intentional interference; (4)

5

absence of justification; and (5) damages. See Stehno v. Sprint Spectrum Lt., 186 S.W.3d 247, 250 (Mo. 2006). Defendant contends that it is not the defendant who interfered with plaintiff's business expectancy in the Oklahoma sale, but rather it was the Oklahoma probate court's decision to have the proceeds paid into Court order and delay the decision until the Missouri guardianship proceedings were completed. Additionally, defendant claims that plaintiff has failed to plead absence of justification, which is an essential element of her tortious interference claim. Defendant asserts that since the payment of the proceeds was by Court order, it was, therefore, justified by the orders of the probate court. In addition, defendant notes that plaintiff has not suffered any damage simply because plaintiff is not enjoying present possession of the $40,000.00. Plaintiff responds that it was defendant who set the wheels in motion that caused the Oklahoma probate court to enter its order which delayed payment of the proceeds to plaintiff.

Finally, defendant argues Count III should be dismissed because loss of sleep, fear, and increased blood pressure are not severe enough to sustain a claim for intentional infliction of emotional distress. Plaintiff responds that she has suffered mental anguish in addition to increased blood pressure, loss of sleep, and being fearful of defendant which is sufficient to allege a claim for intentional infliction of emotional distress.

The Court finds that under the standard set out by the Supreme Court in Twombly, plaintiff has sufficiently set out claims upon which relief could be granted. As to Count II, plaintiff sufficiently alleged the facts and elements necessary for a tortious interference with business expectancy claim. Plaintiff stated in her Complaint that as a direct and proximate result of defendant interfering in the Oklahoma probate court, plaintiff "has been deprived

of a business expectancy and had her rights to the immediate possession and use of the sale proceeds of the sale of the said oil and gas leases interfered with and, as a further direct proximate result of defendant's conduct, plaintiff has to expend sums of money and incur expenses for attorney fees and plaintiff has suffered severe emotional distress." Further, plaintiff sufficiently stated the facts upon which this claim arises.

Lastly, plaintiff sufficiently alleged a claim for intentional infliction of emotional distress. Plaintiff alleged that she has suffered mental anguish, has been fearful everyday that defendant will send someone to take her away, has had increased blood pressure, and loss of sleep. The Court concludes that plaintiff has presented enough facts to raise a reasonable expectation or at least above the speculative level that discovery may reveal evidence of the claims asserted in plaintiff's Complaint. <u>Twombly</u>, 127 S.Ct. at 1974. Therefore, the Court hereby **DENIES** defendant's motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss (Doc. No. 2) is **DENIED**.

**IT IS SO ORDERED.**

| | |
|---|---|
| Date:   3/4/08<br>Kansas City, Missouri | **S/ FERNANDO J. GAITAN, JR.**<br>Fernando J. Gaitan, Jr.<br>Chief United States District Judge |